■ MADELYN ZUPAN, Respondent, v JULIAN FIRESTONE, Appellant. — Order, Supreme Court, New York County (A. Williams, J.), entered August 28, 1981, unanimously reversed, on the law, and defendant-appellant's motion to dismiss the complaint granted, with costs and disbursements. Dissatisfied with the $4,000 bridgework performed on plaintiff by defendant dentist, plaintiff voluntarily submitted a complaint to the First District Dental Society of New York. In response, she received a cover letter from that society's peer review committee, enclosing a "Permission to Perform Clinical Examination" form, together with a consent form to arbitration before the society's patients-relations committee. By signing the consent form, plaintiff agreed "to accept the decision to be rendered by its Patients-Relations Committee with respect thereto, as final, conclusive and binding upon me; and hereby waive any right or claim to bring any action against the said Dental Society or Dr. Firestone for the return of any fees or other relief or damages based upon the proceedings before the Patients-Relations Committee or upon the dental treatment performed for me, or that should have been performed for me, by Dr. Firestone." Defendant was then requested to appear at a hearing on plaintiff's complaint. This notice included an excerpt[1] from the society's by-laws and requested defendant to return the enclosed postal card "indicating that you received this notice, that you will be present at the appointed time, and that you, as a party to the dispute, will abide by the final decision". This postal card consent was duly signed and returned and the parties, neither represented by counsel, appeared before the society's peer review committee. There was thus mutuality of consent, with waiver of internal appeal. The review committee determined that "because the bridgework was inadequate, Dr. Firestone was to return to you [plaintiff] the sum of $3,500 * * * contingent upon your returning the bridgework in question." After the society summarily denied defendant's request to appeal the decision, he delivered $3,500, returned to him after plaintiff failed to return the bridgework. When plaintiff commenced this malpractice action, defendant moved to dismiss pursuant to CPLR 3211 (subd

1. "It shall be obligatory for a member of this Society to appear before the Patients-Relations Committee when summoned to do so, and to file a report in answer to a complaint when requested. The Committee's decisions shall be binding upon members who are party to the dispute. Failure to comply with the Committee's directives shall be considered a violation of these By-laws, subject to disciplinary proceedings as provided in Article XVI."

[a], par 5).[2] Special Term denied the motion finding the plaintiff's waiver of her legal rights was based upon her reliance upon a "misrepresentation" in the consent form that there could be no appeal by either party. Apparently renewal was denied for the same reason. Special Term's decision was in error: the arbitration award had been final and binding upon plaintiff. By signing the consent to arbitration and participating in the proceedings, plaintiff agreed to be bound by any determination and to waive her rights to pursue any remedies at law against the defendant. There was no misrepresentation in the plaintiff's consent form which would bar enforcement of the arbitration award. While the parties' consent forms were not identical, they contained similar consents to be bound by the procedures employed by the society. Neither side was afforded the right to appeal; that of defendant was denied and a nullity. Both were on an equal footing. The award was not rendered inequitable by failure of enforcement. The fact that plaintiff elected not to pursue her claim to the return of the $3,500 because unwilling to submit to having to give back the bridgework, resulting in repayment to defendant, does not render the arbitration award any the less significant in respect of the provisions of CPLR 3211 (subd [a], par 5), and plaintiff's suit is barred by its operation. The award was final and binding upon plaintiff. (Cf. *Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.]*, 43 NY2d 184.) Concur — Sandler, J. P., Sullivan, Markewich and Milonas, JJ.

2. "3211. Motion to dismiss. (a) Motion to dismiss cause of action. A party may move for judgment dismissing [a cause] of action asserted against him on the ground that * * * 5. the cause * * * may not be maintained because of arbitration and award".